**Larry G. KELLEY, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 94–SC–533–KB.

Supreme Court of Kentucky.

Sept. 1, 1994.

### *OPINION AND ORDER*

Larry G. Kelley made a motion for an order permitting him to resign his membership in the Kentucky Bar Association and to surrender his license to practice law in this Commonwealth under terms of disbarment.

Movant acknowledges that on June 2, 1994, he was charged in the Ballard Circuit Court, Criminal Information No. 94–CR–00021, with fraudulent use of a credit card, a felony offense in violation of KRS 434.650(1)(b) and KRS 434.690(1), with fraudulently obtaining a credit card, a felony offense in violation of KRS 434.570, and with unlawfully receiving a credit card, a felony offense in violation of KRS 434.620. The charges basically arise from a scheme to illegally and fraudulently apply for, receive and use credit cards. Larry G. Kelley has acknowledged and admitted his guilt, which is conclusive proof that he engaged in the criminal conduct alleged in the Criminal Information filed by the Office of the Attorney General of Kentucky.

SCR 3.130–8.3(b) and (c) provide that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on his honesty, trustworthiness or fitness as a lawyer in other respects or to engage in conduct involving dishonesty. Movant acknowledges that his admitted criminal conduct is professional misconduct in violation of SCR 3.130–8.3(b) and (c).

Kelley now seeks to resign his license to practice under terms of disbarment. The Kentucky Bar Association has indicated that the terms of Kelley's motion to resign his license are acceptable.

Movant acknowledges that there is now pending against him an Inquiry Tribunal complaint unrelated to the criminal acts charged in the information filed in the Ballard Circuit Court. The complaint, KBA 4049, alleges that he violated SCR 3.130–5.3(b) and 3.4(f) by using his authority as County Attorney of Ballard County, by and through his nonlawyer assistants, to obtain an advantage for a private client in an action for dissolution of marriage. Movant admits that he failed to ensure that his nonlawyer assistants in the office of the Ballard County Attorney observed professional standards as required by SCR 3.130–5.3(b). Movant further acknowledges that he violated SCR 3.130–3.4(f) by permitting his nonlawyer staff to engage in conduct concerning a criminal case to gain an advantage in a civil case.

Movant acknowledges that as a result of his conduct described in the information filed against him he has resigned his public office effective June 2, 1994.

Therefore, it is ordered that Kelley's motion to resign from the Kentucky Bar Association and to surrender his license to practice law in the Commonwealth of Kentucky is granted. It is further ordered that:

1. Kelley shall not be permitted to engage in the practice of law in the Commonwealth of Kentucky as defined by SCR 3.020 until such time as the Supreme Court of Kentucky enters an order reinstating his membership in the Kentucky Bar Association.

2. Kelley shall not file an application for reinstatement for a period of five (5) years next succeeding the date of this order.

3. Any application for reinstatement shall be governed by SCR 3.520, the rule provid-

ing for reinstatement in case of disbarment, or any subsequent amendment or successor to that rule in effect at the time of the application for reinstatement.

4. Any disciplinary proceedings now pending against Kelley shall be terminated and the cost thereof shall be paid by him in accordance with SCR 3.450(1) and SCR 3.480(3). The Kentucky Bar Association has certified that there are costs in the amount of $1,020.16 associated with the proceeding to date.

5. Notwithstanding the provisions of paragraph 4 above, Kelley shall be ineligible for reinstatement at the expiration of five years if there are then pending against him any unsatisfied claims due and owing to the Clients' Security Fund of the Kentucky Bar Association.

6. Pursuant to SCR 3.390, Kelley is hereby ordered to provide notice to any clients he is currently representing of his inability to provide further legal services, to notify all courts in which he has matters pending of this resignation under terms of disbarment and to provide the Director of the Kentucky Bar Association with a copy of all such notice letters, or with a certification that he has no active clients, whichever is applicable.

All concur.

STEPHENS, C.J., not sitting.

ENTERED: September 1, 1994.

/s/ Charles M. Leibson

CHARLES M. LEIBSON,
Deputy Chief Justice